UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATA KUREK and CHRISTIAN KUREK,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>AMERICA'S WHOLESALE LENDER, et al.,<br><br>　　　　Defendant(s). | No. C 10-2155 BZ<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** |

　　　Before the Court is defendant America's Wholesale Lender's ("AWL") motion to dismiss the complaint. For the following reasons, the motion is **DENIED IN PART and GRANTED IN PART**.

　　　AWL first moves to dismiss the complaint because plaintiffs failed to allege proper tender. Tender is not required to be proffered at this stage. The cases cited by the defendant require tender where a plaintiff alleges some

///

///

///

1

procedural irregularity in a foreclosure proceeding.[1]  The bulk of the cases cited by defendant did not address whether tender is required where a plaintiff alleges a substantive irregularity as plaintiffs have done here by alleging forgery and fraud in the consummation of the underlying security.[2]  "A tender may not be required where it would be inequitable to do so . . . .  Also, if the action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt."  Onofrio v. Rice, 55 Cal. App. 4th, 413, 424 (1997) quoting 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) Deeds of Trust & Mortgages, § 9:154, p. 508-512.  Here, plaintiffs contest the validity of the underlying debt and tender is therefore not required.

Moreover, "a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property of the property he has received from the lender."  Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003).

---

[1]    To the extent Saldate v. Wilshire Credit Corp., 686 F.Supp.2d 1051 (E.D. Cal. 2010) holds differently, that case relied on cases requiring tender where procedural irregularities were alleged and did not analyze this issue presumably because the motion to require tender was unopposed.  In any event, that ruling is not binding on this Court and does not appear to have been followed on this point.

[2]    Contrary to defendant's position raised at oral argument, Rosal v. First Federal Bank of Calif., 671 F.Supp.2d 1111 (N.D. Cal. 2009) does not stand for the proposition a plaintiff must tender even when attacking the validity of an underlying debt.  That case relied upon cases which require tender when the plaintiff alleges a procedural irregularity, but does not speak to situations where a plaintiff properly alleges that a loan was fraudulently consummated.  Id. at 54.  Edejer v. DHI Mortgage Co., 2009 U.S. Dist. Lexis 52900 (N.D. Cal. 2009) is similarly distinguishable as the pro se plaintiff in that case neither alleged that the underlying note was forged nor opposed the motion to dismiss.

1  (internal citations omitted).  The judge's discretion is
2  dependent upon "the equities present in a particular case, as
3  well as consideration of the legislative policy." Id.
4  (internal citations omitted).  Because of the seriousness of
5  the allegations present here, to dismiss the claim for failure
6  to allege tender at this moment would be premature.

7      Next, AWL moves to dismiss the TILA claims as untimely.
8  Plaintiffs admit that the claims are untimely, but argue that
9  they should be subject to equitable tolling.  "The limitations
10 period in [TILA] runs from the date of consummation of the
11 transaction but the doctrine of equitable tolling may, in the
12 appropriate circumstances, suspend the limitations period
13 until the borrower discovers or had reasonable opportunity to
14 discover the fraud or nondisclosures that form the basis for
15 the TILA action." King v. State of Calif., 784 F.2d 910, 915
16 (9th Cir. 1986).

17     The statute of limitations for damage claims under TILA
18 is one year.  Here, the financing at issue was consummated on
19 March, 28, 2006.  Compl. ¶ 2.  Plaintiffs argue that the
20 statute should be tolled because of the allegedly inequitable
21 conduct of the loan agent, Anna Wodkowska.  According to the
22 complaint, in June 2008, plaintiffs discovered that the
23 signatures on their loan documents were forged when AWL denied
24 their request for a copy of their loan file on the grounds
25 that Beata Kurek's signature did not match the signature on
26 the loan documents.  Compl. ¶ 11.  Plaintiffs filed this suit
27 on May 19, 2010.  Plaintiffs allege that they knew of the lack
28 of TILA disclosures by April of 2009, more than one year

before filing suit in this case.  Compl. ¶ 18; Opposition p. 8:2-5.  Reading the complaint in the light most favorable to the plaintiffs, the statute of limitations on the TILA damage claim ran no later than April of 2010.

At the hearing, plaintiffs argued for the first time that the intervening Chapter 11 bankruptcy proceeding tolled the statute of limitations.  Plaintiffs argued that when they entered bankruptcy the TILA damage claim could have been timely filed, and the bankruptcy stayed even unfiled claims for limitations purposes.  Therefore, when the bankruptcy terminated in May of 2010, the limitations period began to run again and the claim was thereafter timely filed.  Plaintiffs provided no support for this proposition and did not properly raise the argument in their opposition.  The Court is unaware of any authority for the contention that the filing of a Chapter 11 bankruptcy proceeding tolls the statute of limitations on unasserted causes of action.  Therefore, plaintiffs' fourth cause of action is **DISMISSED**.

AWL also moves to dismiss the fifth cause of action, for rescission under TILA.  The right of rescission may last up to three years depending on when or if a lender delivers a statement containing the requisite TILA disclosures. Hefferman v. Bitton, 882 F.2d 379, 383 (9th Cir. 1989). However, under TILA the right of rescission is completely extinguished after three years from the date of the loan's consummation.  15 U.S.C. § 1635(f); Beach v. Ocwen Federal Bank, 523 U.S. 410, 417-18 (1998).  Equitable tolling does not apply to an action for rescission under TILA.  See Mays v.

4

1   U.S. Bank Nat. Ass., 2010 WL 318537, 4 (E.D.Cal. 2010) and
2   cases cited therein.  Here, plaintiffs executed a TILA
3   Rescission Notice on April 27, 2009, which is more than three
4   years after the consummation of the loan, a point which
5   plaintiff did not contest at the hearing.  The fifth cause of
6   action is therefore **DISMISSED**.

7   AWL further moves to dismiss the sixth cause of action
8   which alleges a violation of California Business and
9   Professions Code § 17200.  Defendant simply ignores the
10  factual allegations of unfair business practices contained in
11  paragraphs 68 through 71.  The motion to dismiss the sixth
12  cause of action is **DENIED**.

13  **IT IS ORDERED THAT** AWL's motion to dismiss plaintiffs'
14  **FOURTH and FIFTH** causes of action is **GRANTED**.[3]  The motion to
15  dismiss the remaining causes of action is **DENIED**.  Defendant
16  shall answer by **August 9, 2010.**

17  Dated: July 26, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\KUREK V. AMERICA'S WHOLESALE LENDER\ORDER GRANTING DEF'S MOT TO DISM.wpd

---

[3]   To the extent that plaintiffs do not oppose AWL's motion to dismiss their "Declaratory/Injunctive Relief" cause of action, that motion is **GRANTED**.  It appears that plaintiffs misnumbered the causes of action on the cover page of the complaint and skipped from the "First" cause of action to the "Third" in the text of the complaint.  There is no independently labeled "Seventh" cause of action for Declaratory/Injunctive relief.

5