1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11   BEATA KUREK and CHRISTIAN      )
     KUREK,                         )
12                                  )        No. C 10-2155 BZ
               Plaintiff(s),        )
13                                  )
          v.                        )        **TRIAL SCHEDULING ORDER**
14                                  )
     AMERICA'S WHOLESALE LENDER,    )
15   et al.,                        )
                                    )
16             Defendant(s).        )
                                    )
17   _____)

18        Following the Case Management Conference, **IT IS HEREBY**

19   **ORDERED** that:

20   1.   DATES

21   Trial Date: **Monday, 9/19/2011, 8:30 a.m., 5 days**

22   Pretrial Conference: **Tuesday, 8/30/2011, 4:00 p.m.**

23   Last Day to Hear Dispositive Motions: **Wednesday, 7/20/2011**

24   Last Day for Expert Discovery: **Friday, 6/17/2011**

25   Last Day for Rebuttal Expert Disclosure: **Friday, 6/10/2011**

26   Last Day for Expert Disclosure: **Friday, 6/03/2011**

27   Close of Non-expert Discovery: **Friday, 5/27/2011**

28   2.   DISCLOSURE AND DISCOVERY

1       The parties are reminded that a failure to voluntarily

2  disclose information pursuant to Federal Rule of Civil

3  Procedure 26(a) or to supplement disclosures or discovery

4  responses pursuant to Rule 26(e) may result in exclusionary

5  sanctions.  Thirty days prior to the close of non-expert

6  discovery, lead counsel for each party shall serve and file a

7  certification that all supplementation has been completed.

8       In the event a discovery dispute arises, **lead counsel** for

9  each party shall meet in person or, if counsel are outside the

10  Bay Area, by telephone and make a good faith effort to resolve

11  their dispute.  Exchanging letters or telephone messages about

12  the dispute is insufficient.  The Court does not read

13  subsequent positioning letters; parties shall instead make a

14  contemporaneous record of their meeting using a tape recorder

15  or a court reporter.

16       In the event they cannot resolve their dispute, the

17  parties must participate in a telephone conference with the

18  Court **before** filing any discovery motions or other papers.

19  The party seeking discovery shall request a conference in a

20  letter filed electronically not exceeding two pages (with no

21  attachments) which briefly explains the nature of the action

22  and the issues in dispute.  Other parties shall reply in

23  similar fashion within two days of receiving the letter

24  requesting the conference.  The Court will contact the parties

25  to schedule the conference.

26  3.  MOTIONS

27       Consult Civil Local Rules 7-1 through 7-5 and this

28  Court's standing orders regarding motion practice.  Motions

1    for **summary judgment** shall be accompanied by a statement of

2    the material facts not in dispute supported by citations to

3    admissible evidence. The parties shall file a joint statement

4    of undisputed facts where possible. If the parties are unable

5    to reach complete agreement after meeting and conferring, they

6    shall file a joint statement of the undisputed facts about

7    which they do agree. Any party may then file a separate

8    statement of the additional facts that the party contends are

9    undisputed. A party who without substantial justification

10    contends that a fact is in dispute is subject to sanctions.

11       In addition to **lodging** a Chambers copy of all papers, a

12    copy of all briefs shall be e-mailed in WordPerfect or Word

13    format to the following address: bzpo@cand.uscourts.gov.

14    4.    PRETRIAL CONFERENCE

15       Not less than thirty days prior to the date of the

16    pretrial conference, the parties shall meet and take all steps

17    necessary to fulfill the requirements of this Order.

18       Not less than twenty-one days prior to the pretrial

19    conference, the parties shall: (1) serve and file a joint

20    pretrial statement, containing the information listed in

21    **Attachment 1**, and a proposed pretrial order; (2) serve and

22    file trial briefs, Daubert motions, motions *in limine*, and

23    statements designating excerpts from discovery that will be

24    offered at trial (specifying the witness and page and line

25    references); (3) exchange exhibits, agree on and number a

26    joint set of exhibits and number separately those exhibits to

27    which the parties cannot agree; (4) deliver all marked trial

28    exhibits directly to the courtroom clerk, Ms. Yiu; (5) deliver

1  one extra set of all marked exhibits directly to Chambers; and

2  (6) submit all exhibits in three-ring binders no wider than

3  three inches.  Each exhibit shall be marked with an exhibit

4  label as contained in **Attachment 2**.  The exhibits shall also

5  be separated with correctly marked side tabs so that they are

6  easy to find.

7       No party shall be permitted to call any witness or offer

8  any exhibit in its case in chief that is not disclosed at

9  pretrial, without leave of Court and for good cause.

10      Lead trial counsel for each party shall meet and confer

11  in an effort to resolve all disputes regarding anticipated

12  testimony, witnesses and exhibits.  All Daubert motions,

13  motions *in limine*, and objections will be heard at the

14  pretrial conference.  Not less than eleven days prior to the

15  pretrial conference, the parties shall serve and file any

16  objections to witnesses or exhibits or to the qualifications

17  of an expert witness.  Oppositions shall be filed and served

18  not less than eleven days prior to the conference.  There

19  shall be no replies.

20      Not less than twenty-one days prior to the pretrial

21  conference the parties shall serve and file requested voir

22  dire questions, jury instructions, and forms of verdict.  The

23  following jury instructions from the *Manual of Model Civil*

24  *Jury Instructions for the Ninth Circuit* (2007 ed.) will be

25  given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,

26  3.1-3.3.  Do not submit a copy of these instructions.  Counsel

27  shall submit a joint set of case specific instructions.  Any

28  instructions on which the parties cannot agree may be

4

1  submitted separately.  The Ninth Circuit Manual should be used
2  where possible.  Each requested instruction shall be typed in
3  full on a separate page with citations to the authority upon
4  which it is based.  Proposed jury instructions taken from the
5  Ninth Circuit Manual need only contain a citation to that
6  source.  Any modifications made to proposed instructions taken
7  from a manual of model instructions must be clearly indicated.
8  In addition, all proposed jury instructions should conform to
9  the format of the Example Jury Instruction attached to this
10 Order.  Not less than eleven days prior to the pretrial
11 conference, the parties shall serve and file any objections to
12 separately proposed jury instructions.

13     Jury instructions that the Court has given in prior cases
14 may be downloaded from the Northern District website at
15 **http:\\www.cand.uscourts.gov**.  (Instructions are located on
16 the "Judge Information" page for Magistrate Judge Zimmerman).
17 The Court will generally give the same instructions in cases
18 involving similar claims unless a party establishes, with
19 supporting authorities, that the instruction is no longer
20 correct or that a different instruction should be given.  CACI
21 instructions generally will be given instead of BAJI
22 instructions.

23     A copy of all pretrial submissions, except for exhibits,
24 shall be e-mailed in WordPerfect or Word format to the
25 following address: bzpo@cand.uscourts.gov.

26     At the time of filing the original with the Clerk's
27 Office, two copies of all documents (but only one copy of the
28 exhibits) shall be delivered directly to Chambers (Room 15-

5

1  6688).   Chambers' copies of all pretrial documents shall be
2  three-hole punched at the side, suitable for insertion into
3  standard, three-ring binders.
4  Dated: December 1, 2010

                                Bernard Zimmerman
7                          United States Magistrate Judge

6

1

**ATTACHMENT 1**

2      The parties shall file a joint pretrial conference
statement containing the following information:

3

      (1) **The Action.**

4

            (A)   Substance of the Action. A
5                  brief description of the
                  substance of claims and
6                  defenses which remain to be
                  decided.

7

            (B)   Relief Prayed. A detailed
8                  statement of each party's
                  position on the relief
9                  claimed, particularly
                  itemizing all elements of
10                  damages claimed as well as
                  witnesses, documents or other
11                  evidentiary material to be
                  presented concerning the
12                  amount of those damages.

13      (2) **The Factual Basis of the Action.**

14            (A)   Undisputed Facts. A plain and
                  concise statement of all
15                  relevant facts not reasonably
                  disputable, as well as which
16                  facts parties will stipulate
                  for incorporation into the
17                  trial record without the
                  necessity of supporting
18                  testimony or exhibits.

19            (B)   Disputed Factual Issues. A
                  plain and concise statement of
20                  all disputed factual issues
                  which remain to be decided.

21

            (C)   Agreed Statement. A statement
22                  assessing whether all or part
                  of the action may be presented
23                  upon an agreed statement of
                  facts.

24

            (D)   Stipulations. A statement of
25                  stipulations requested or
                  proposed for pretrial or trial
26                  purposes.

27      (3) **Trial Preparation.**

28      A brief description of the efforts the parties have
made to resolve disputes over anticipated testimony,

1 | exhibits and witnesses.

2
    (A) Witnesses to be Called. In
3
       lieu of FRCP 26(a)(3)(A), a
       list of all witnesses likely
4
       to be called at trial, other
       than solely for impeachment or
5
       rebuttal, together with a
       brief statement following each
6
       name describing the substance
       of the testimony to be given.

7
    (B) Estimate of Trial Time. An
8
       estimate of the number of
       court days needed for the
9
       presentation of each party's
       case, indicating possible
10
       reductions in time through
       proposed stipulations, agreed
11
       statements of facts, or
       expedited means of presenting
       testimony and exhibits.
12

13
    (C) Use of Discovery Responses. In
       lieu of FRCP 26(a)(3)(B), cite
14
       possible presentation at trial
       of evidence, other than solely
15
       for impeachment or rebuttal,
       through use of excerpts from
16
       depositions, from
       interrogatory answers, or from
17
       responses to requests for
       admission.  Counsel shall
18
       state any objections to use of
       these materials and that
19
       counsel has conferred
       respecting such objections.

20
    (D) Further Discovery or Motions.
21
       A statement of all remaining
       motions, including Daubert
       motions.
22

  (4) **Trial Alternatives and Options.**
23

24
    (A) Settlement Discussion. A
       statement summarizing the
25
       status of settlement
       negotiations and indicating
26
       whether further negotiations
       are likely to be productive.

27
    (B) Amendments, Dismissals. A
28
       statement of requested or
       proposed amendments to
       pleadings or dismissals of

8

parties, claims or defenses.

    (C)  Bifurcation, Separate Trial of
Issues. A statement of whether
bifurcation or a separate
trial of specific issues is
feasible and desired.

(5) **Miscellaneous.**

    Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive
determination.

9

# ATTACHMENT 2

**USDC**
Case No. CV10-02155 BZ
**JOINT** Exhibit No._____

Date Entered _____

Signature _____

**USDC**
Case No. CV10-02155 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV10-02155 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV10-02155 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV10-02155 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV10-02155 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV10-02155 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV10-02155 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV10-02155 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV10-02155 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV10-02155 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV10-02155 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____